Isaac M. Gabriel (#021780)
gabriel.isaac@dorsey.com
Andrew C. Stone (#026543)
stone.andy@dorsey.com
DORSEY & WHITNEY LLP
2325 East Camelback Road
Suite 300
Phoenix, AZ 85016
Telephone: (602) 735-2700

*Attorneys for Plaintiff Air Rights Aviation, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Air Rights Aviation, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Textron Aviation Inc., a Kansas corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br><br>**JURY DEMANDED** |

Plaintiff Air Rights Aviation, LLC, complains and alleges as follows:

**PARTIES AND JURISDICTION**

1.      Air Rights Aviation, LLC ("Air Rights" or "Plaintiff") is an Arizona limited liability company and has its principal place of business in Arizona. The sole member of Air Rights is e-Capital, LLC ("e-Capital") which is a Delaware limited liability company with its principal place of business in Arizona. e-Capital has two members: Steven Ellman who holds a 99% interest and Ellman Capital Corporation ("Ellman Capital") which holds a 1% interest. Steven Ellman is an Arizona resident, and Ellman Capital is an Arizona corporation with its principal place of business in Arizona.

2.      Textron Aviation Inc. ("Textron" or "Defendant") is a Kansas corporation and has its principal place of business in Kansas.

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the matter in controversy exceeds

the sum of $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over the parties, because Plaintiff is an Arizona resident, and Defendant transacts and conducts business in Arizona, which is evidenced, in part, by having a statutory agent registered with the Arizona Corporation Commission.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Phoenix, Arizona.

## GENERAL ALLEGATIONS

6. In June 2024, Plaintiff entered into an Aircraft Purchase Agreement (the "Purchase Agreement") to purchase a certain 2004 Cessna model 750 airframe ("Aircraft") from Sea Hunt Boat Mfg. Co., Inc. ("Sea Hunt").

7. In connection with the Purchase Agreement, Plaintiff and Sea Hunt entered into an Aircraft Pre-Buy Survey Agreement with Textron. A copy of the Aircraft Pre-Buy Survey Agreement is attached as Exhibit A.[1]

8. Defendant agreed in the Aircraft Pre-Buy Survey Agreement to perform the survey and report any and all discrepancies with the Aircraft to the buyer and seller.

9. The agreement defined "discrepancies" as falling into one of two categories, either an "Observation" or a "Finding." An "Observation" was defined as "a condition that a customer needs to be made aware of and is not considered an airworthy concern at the time of review." A "Finding" was defined as "a condition that needs to be resolved before the aircraft can be returned-to-service."

10. In exchange for Defendant conducting a survey of the Aircraft and reporting all discrepancies, Plaintiff paid Defendant $102,500.51.

11. Defendant conducted the survey of the Aircraft but failed to report all discrepancies. A copy of the Pre-Buy Survey is attached as Exhibit B.

12. Defendant failed to report the following items:

    a. Inoperative keypad backlighting on the Flight Management System ("FMS")

---

[1] The Aircraft Pre-Buy Survey Agreement is governed by Kansas law, but the agreement is silent on venue for litigation.

- 2 -

units. Textron was paid to conduct, among other things, a "flight compartment and passenger compartment lighting test." Textron either failed to complete this task or failed to identify the discrepancy. Due to Defendant's failure, Plaintiff incurred $44,500 in costs.

b. Inoperative Cabin Management Airshow. The Aircraft has two Airshow units—the Airshow Unit and the Cabin Management Airshow Unit. Textron identified a discrepancy solely with the former, but failed to mention any issue with the Cabin Management Airshow. When Plaintiff took control of the Aircraft, it discovered the issue with the Cabin Management Airshow. Defendant's failure cost Plaintiff $7,995.

c. Inoperative annunciator light for the Thrust Receiver. Plaintiff discovered that when the cockpit lights are dimmed, the annunciator light for the Thrust Receiver doesn't function. In troubleshooting this issue, Plaintiff determined that a new PC board was required. The cost for the new PC board is $29,000.

13. In addition, Textron caused Plaintiff further damage when it improperly installed a fire loop in the Aircraft in August 2024. Specifically, during the pre-purchase inspection, corrosion was found on the No. 2 engine. As a result, and as part of the repair of pre-purchase discrepancies, the No. 2 engine was removed and replaced with a loaner engine. During this removal and replacement, the No. 2 engine fire loop was damage. Replacing the fire loop cost Plaintiff $4,828.58.

14. In total, Defendant's conduct caused Plaintiff over $86,323.58 in damages just for the cost of replacement of parts, and not including labor to install the replacement parts. Upon information and belief, Plaintiff's total damages including labor will exceed the amount Plaintiff paid Defendant—*i.e.,* at least $102,500.51.

**COUNT I**

**(Breach of Contract)**

15. Air Rights incorporates each allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

16. Defendant agreed to survey and report any and all discrepancies with the Aircraft through the Aircraft Pre-Buy Survey Agreement. Defendant breached this agreement by failing to identify and report all discrepancies.

17. Specifically, Defendant failed to identify the following discrepancies:

   a. Inoperative keypad backlighting on the FMS units;
   b. Inoperative Cabin Management Airshow; and
   c. Inoperative annunciator light for the Thrust Receiver.

18. Defendant also breached the Aircraft Pre-Buy Survey Agreement by improperly installing a fire loop in connection with its work on the Aircraft.

19. Defendant's breach caused Plaintiff damages of at least $102,500.51.

## COUNT II

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

20. Air Rights incorporates each allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

21. Under Kansas law, a duty of good faith and fair dealing is embedded in every contract except those for employment-at-will.

22. Defendant's conduct relating to the Aircraft Pre-Buy Survey Agreement did not comport with Plaintiff's reasonable contractual expectations.

23. Defendant's breach in failing to identify all discrepancies with the Aircraft frustrated the purposes of the agreement.

24. Defendant's breach caused Plaintiff damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant, as follows:

A. Awarding compensatory damages in an amount to be proven at trial but not less than $102,500.51;

B. Awarding pre-judgment and post-judgment interest on the foregoing amounts at the highest rate allowed under applicable law;

C.    Awarding Plaintiff its attorneys' fees and costs under applicable law; and

D.    Granting such other and further relief as the Court deems just and proper under the circumstances.

Dated this 8th day of January, 2025.

**DORSEY & WHITNEY LLP**


By  <u>*s/Andrew C. Stone*</u>
       Isaac M. Gabriel
       Andrew C. Stone
       *Attorneys for Plaintiff Air Rights Aviation, LLC*